UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DONALD KRULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.08-2079 |
| | ) | |
| THE CITY OF URBANA, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO MOTION TO DISMISS**

Plaintiff, by his attorney Auler Law Offices, P.C., responds to Defendant's motion to dismiss as follows:

1.   A lessee has sufficient possessory interest in the leased premises to confer standing for purposes of protesting a search under the Fourth Amendment. *See Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 540 (1967). Copies of Plaintiff's leases are attached as Exhibit A.

2.   The controversy herein is ripe for adjudication because Defendant has already searched homes in Plaintiff's building, and the ordinance's failure to provide for actual notice means there is a substantial chance exists that Plaintiff will not find out about the warrant proceedings for a search of his home in time to intervene. Defendant's ongoing enforcement of the ordinance means that Plaintiff's home could be selected for search at any time, and if notice failed this action would be his last and only chance to be heard before his constitutional rights are violated.

3.   In its motion to dismiss and supporting memorandum, Defendant artfully evades, and never addresses substantively, the allegations in Plaintiff's Complaint that (1) the

ordinance allows for nonconsensual warrantless searches of the homes of individuals who travel, and (2) the standards for determining when a premises will be selected for search and when a warrant may issue, are vague and ambiguous, and to the extent they are meaningful, they are irrationally arbitrary and discriminatory.

4. In order to dodge the issue of nonconsensual warrantless searches, on page 3 of its memorandum Defendant makes the unfounded leap in reasoning, that just because Defendant mails out notice informing the resident of his right to object and demand a warrant, the resident necessarily gets the notice – i.e., (1) the mail is properly delivered, even though the ordinance does not require use of certified mail or any other means of establishing the same, and (2) the resident is not away from home during the short window of time between when notice is delivered and the search is made.  Defendant's rejoinder that "Both the owner and the occupants of the rental unit have the right to object" already assumes that they know about the intended search – when in fact Defendant's superficial attempt at notice could easily have failed.  The logical reasoning of Defendant's argument is manifestly flawed and Defendant's silence as to why it cannot provide an individual with actual notice, through certified mail or any other suitable procedure, of its intent to search through the individual's home, implies that there is no good reason for such inconsideration for a person's privacy.

5. Likewise Defendant seems to argue that its ordinance must be constitutional just because it has a warrant requirement.  Defendant does not even address Plaintiff's due process and equal protection challenges to the statutory scheme, and their entire treatment in Defendant's memorandum is in a single sentence on page 8, "Virtually the only way a warrant would be denied would be if a Court [sic] were to hold that the legislative

scheme of inspections as [sic] flawed." Indeed the legislative scheme of inspections *is* flawed, Plaintiff has alleged so in his Complaint, and Defendant has not challenged the merits of that allegation in its motion to dismiss.

6.	Because Defendant's motion to dismiss misses the mark and leaves Plaintiff's allegations unchallenged, Defendant has failed to state, why Plaintiff has failed to state a claim.

7.	Or in other words, Defendant should not be allowed to win the case on arguments that it never made, and it would be unfair for the Court to make them for Defendant.

8.	Defendant's motion to dismiss must therefore be denied.

**WHEREFORE** Plaintiff respectfully requests the Court DENY Defendant's motion to dismiss.

Respectfully submitted,

**s/ Robert Auler**
Robert I. Auler Bar Number: 0082074
Counsel for Plaintiff
Auler Law Offices, P.C.
202 W. Green Street
Urbana, IL  61801
Telephone: (217) 384-4567
Fax: (217) 987-6543
Email: aulerlaw@yahoo.com

Auler Law Offices, P.C.

202 W. Green Street
Urbana, IL  61801

217 384 3080

aulerlaw@yahoo.com

3